IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01916-BNB

BRUCE EDWARD PETERSON,

    Plaintiff,

v.

LOU ARCHULETTA, F.C.F.-CDOC Warden,
DR. TIMOTHY P. CREANY, M.D.,
DR. FNU BEDDY (Phyc.),
DR. DAVID TESSIER,
JOHN DOE(S),
JANE DOE(S),
RICK MEICER, R.N.,
F.N.U. WEINHIMER, and
ATTENDING PHYSICIANS AT TERRITORIAL,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Bruce Edward Peterson, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Peterson, acting *pro se*, filed a twenty-four page Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Prisoner Complaint liberally because Mr. Peterson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take

judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). For the reasons stated below, Mr. Peterson will be ordered to file an amended Prisoner Complaint.

Mr. Peterson alleges that he suffers from a number of physical ailments, including but not limited to high blood pressure, a heart condition, cancer, poor circulation, shortness of breath from exertion, and a chronic and painful medical condition that results in burst blood vessels in his legs and bleeding from other body parts and orifices. He also alleges that he wears knee-high, anti-embolism stockings; is being denied helpful prescription medication; and, instead, is provided with medication and ice that have aggravated his chronic medical condition. Although Mr. Peterson asserts jurisdiction based upon § 1983, he styles his one asserted claim as a violation of the Americans with Disabilities Act (ADA), apparently Title II of the ADA, which he fails to reference in the Prisoner Complaint under additional jurisdiction. *See* ECF No. 1 at 5. He also fails to allege the involvement of each named defendant in the alleged violations.

State prisoners are protected by the ADA. *Hurtado v. Reno*, 34 F. Supp. 2d 1261, 1264 (D. Colo. 1999) (citing *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 205 (1998). However, Mr. Peterson fails to allege facts indicating that he is a qualified individual with a disability who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and that exclusion, denial of benefits, or discrimination was because of a disability. *See Hurtado*, 34 F. Supp. 2d at 1264; *see also* 42 U.S.C. § 12132. He appears to complain only about the quality and

extent of medical services he received.  *See Breedlove v. Costner*, 405 F. App'x 338, 341 (10th Cir. 2010) (state prisoner's allegations of inadequate medical care failed to state claim for ADA violation).  In addition, the requirement that a prisoner who files a civil action challenging the conditions of his confinement must first exhaust administrative remedies applies to an inmate's ADA claims.  *Jones v. Smith*, 109 F. App'x 304, 307-08 (10th Cir. 2004).  Mr. Peterson fails to clarify whether he exhausted both his § 1983 and ADA claims.  *See* ECF No. 1 at 10.

   The Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Peterson fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Mr. Peterson fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Peterson must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Peterson must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be required to sift through Mr. Peterson's verbose allegations to determine the heart of each claim.

The Prisoner Complaint also is deficient because Mr. Peterson fails to allege facts that demonstrate each of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Peterson "must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Peterson should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Peterson must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or

5

> her superintendent responsibilities," the plaintiff must
> plausibly plead and eventually prove not only that the
> official's subordinates violated the Constitution, but that the
> official by virtue of his own conduct and state of mind did so
> as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Peterson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Peterson uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Peterson will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements,

motions, or other documents not included in the amended Prisoner Complaint.

Even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Peterson seeks to refile in this Court because the two-year statute of limitations may have run on his § 1983 claims. The limitation period for a § 1983 action is set by the personal injury statute in the state where the cause of action accrues. *Garcia v. Wilson*, 731 F.2d 640, 650-51 (10th Cir. 1984). In Colorado, the limitations period for a personal injury action is two years. Colo. Rev. Stat. § 13-80-102. Colorado's general two-year state of limitations, Colo. Rev. Stat. § 13-80-102, also applies to actions arising under Title II of the ADA. *Hughs v. Colo. Dep't of Corrs*, 594 F. Supp. 2d 1226, 1235 (D. Colo. 2009); *see also Rhodes v. Langston Univ.*, 462 F. App'x 774, 780 n.6 (10th Cir. 2011) (because the ADA does not set forth a statute of limitations, the state's general statute of limitations applies).

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Plaintiff file an amended Prisoner Complaint that complies with the directives of this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the amended Prisoner Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and

the action will be dismissed without further notice.

DATED July 14, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge