**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-01916-NYW

BRUCE EDWARD PETERSON,

    Plaintiff,

v.

DR. TIMOTHY CREANY,
DR. BEDDY,
DR. DAVID TESSIER,
RICK MEICER, R.N.,
FNU WEINHIMER, and
WARDEN LOU ARCHULETTA,

    Defendants.

**ORDER OVERRULING OBJECTIONS AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Motion To Dismiss or Alternatively Motion for Summary Judgment** [#22][1] filed March 16, 2015; and (2) the related **Recommendation of United States Magistrate Judge** [#47], filed November 12, 2015.  The plaintiff filed objections [#53] to the recommendation.  I overrule the objections and approve and adopt the recommendation.  As recommended by the magistrate judge, I convert a portion of the motion to dismiss to a motion for summary judgment.  Ultimately, I grant the motion to dismiss and motion for summary judgment.

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See* **Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, objections, and applicable case law, as well as the arguments raised, authorities cited, and evidence presented by the parties.

The plaintiff, Bruce Peterson, describes in his **Amended Prisoner Complaint** [#6], filed August 14, 2014, various medical issues he faces and treatments he has received. He claims the defendants have, in various ways, violated his Eighth Amendment right against cruel and unusual punishment by being deliberately indifferent to the need of Mr. Peterson for proper medical care. As to defendants, Lou Archuletta, Dr. David Tessier, Dr. Timothy P. Creany, and Dr. Beddy[2], the magistrate judge concludes that the allegations in the complaint [#6] are not sufficient to state an Eighth Amendment claim against these defendants. On this basis, the magistrate judge recommends that the motion to dismiss be granted as to these defendants.

On the other hand, the magistrate judge concludes that the allegations of Mr. Peterson are sufficient to state an Eighth Amendment claim as to defendants, FNU Wienhimer[3] and Rick Meicer. The magistrate judge concludes also that defendants

---

[2] Apparently, the correct spelling of this last name is Beatte. *See Recommendation* [#47], p. 14.

[3] Apparently, the correct spelling of this last name is Wienpahl. *See Recommendation* [#47], p. 16.

2

FNU Wienhimer and Rick Meicer, are not entitled to qualified immunity because the scope of right of a prison inmate not to be subjected to deliberate indifference to a serious medical need was clearly established before the events described in the complaint involving these defendants.  As noted in the next paragraph, however, the Eighth Amendment claims against FNU Wienhimer and Rick Meicer must be dismissed because Mr. Peterson failed to exhaust his administrative remedies as to this claim against these defendants.

Defendants Dr. David Tessier, FNU Wienhimer, Lou Archuletta, and Rick Meicer contend also that Mr. Peterson failed to exhaust his administrative remedies before filing this case.  Prison inmates are required to exhaust administrative remedies before filing a lawsuit concerning prison life.  **Booth v. Churner**, 532 U.S. 731, 741 (2001). On this issue, the magistrate judge properly notified Mr. Peterson that the court would consider converting the motion to dismiss to a motion for summary judgment.  The magistrate judge solicited additional briefing from the plaintiff on this issue and the plaintiff submitted a response [#41].  The magistrate judge concluded that Mr. Peterson did not identify defendants, Dr. David Tessier, FNU Wienhimer, Lou Archuletta, and Rick Meicer in his grievances concerning the issues that are the bases of his complaint in this case.  On this basis, the magistrate judge recommends that the motion to dismiss, converted to a motion for summary judgment on the issue of exhaustion of administrative remedies, be granted as to defendants, Dr. David Tessier, FNU Wienhimer, Lou Archuletta, and Rick Meicer.

Mr. Peterson has identified the defendant named as John Doe as Dr. Miller, though the plaintiff has not moved to amend the caption to name Dr. Miller.  As to Dr. Miller and the still unidentified defendant named as Jane Doe, the magistrate judge

3

concludes that the allegations in the complaint do not support a claim of deliberate indifference to a serious medical need. The magistrate judge recommends that the motion to dismiss be granted as to the John Doe and Jane Doe defendants.

Finally, the magistrate judge concludes that Mr. Peterson has not alleged facts sufficient to support a claim for violation of Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213 (ADA). This is true even though Mr. Peterson had the opportunity to amend his complaint. Thus, the magistrate judge recommends that the motion to dismiss be granted as to the ADA claims.

In his objections[#53], Mr. Peterson does not assert any valid challenge to the analysis, conclusions, and recommendations of the magistrate judge. The analysis of the magistrate judge is thorough, complete, and correct. Therefore, after de novo review I overrule the objections and approve and adopt the recommendation.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections [#53] of the plaintiff are overruled;

2. That the **Recommendation of United States Magistrate Judge** [#47], filed November 12, 2015, is approved and adopted as an order of this court;

3. That under Fed. R. Civ. P. 12(b)(6), the **Motion To Dismiss or Alternatively Motion for Summary Judgment** [#22], is granted without prejudice as to the claims against the defendants named in the complaint [#6] as Dr. David Tessier, Lou Archuletta, Dr. Timothy P. Creany, Dr. Beddy, John Doe, and Jane Doe;

4. That under Fed. R. Civ. P. 12(d), the **Motion To Dismiss or Alternatively Motion for Summary Judgment** [#22] is converted to a motion for summary judgment on the issue of exhaustion of administrative remedies;

5.  That under Fed. R. Civ. P. 56, the **Motion To Dismiss or Alternatively Motion for Summary Judgment** [#22] is granted as to the defendants named in the complaint [#6] as Dr. David Tessier, FNU Wienhimer, Lou Archuletta, and Rick Meicer;

6.  That judgment shall enter in favor of the defendants named in the complaint [#6] as Dr. Timothy P. Creany, Dr. Beddy, John Doe, and Jane Doe, dismissing the claims against them without prejudice;

7.  That judgment shall enter in favor of the defendants named in the complaint [#6] as Dr. David Tessier, FNU Wienhimer, Lou Archuletta, and Rick Meicer dismissing the claims against them with prejudice;

7.  That defendants, Dr. David Tessier, FNU Wienhimer, Lou Archuletta, and Rick Meicer, are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

8.  That this case is closed.

Dated March 14, 2016, at Denver, Colorado.

                                        **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge